UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

GARY BEAUVOIR,

Plaintiff,

-against-

UNITED STATES SECRET SERVICE, et al.,

Defendants.
--------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★        FEB 1 6 2000

P.M.
TIME A.M.

**MEMORANDUM and ORDER**

05-CV-2819 (SLT)

**TOWNES, United States District Judge:**

On June 10, 2005, plaintiff filed this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, to recover damages for injuries he allegedly sustained in a July 2004 automobile accident involving defendants. On October 19, 2005, after the 120-day deadline for service of the summons and complaint had expired, Magistrate Judge Pollak issued an order noting that there had been no action in the case since it was filed and directing the parties to provide a status report. This order warned that "if no such report [was] received" within 30 days, Judge Pollak would "recommend that the case be dismissed for lack of prosecution."

For reasons which remain unclear, plaintiff did not submit a timely response to this order. Accordingly, on November 28, 2005, Judge Pollak recommended that the case be dismissed for failure to prosecute. That report and recommendation expressly advised plaintiff that objections were to be "filed with the Clerk of the Court."

In early December, plaintiff's counsel sent a one-page letter to the attention of Judge Pollack, containing the status report which had been requested in the October 19, 2005, order. *See* Letter of Steven J. Kaye, Esq., to the U.S. District Court, Attn: Hon. Cheryl L. Pollak, dated Dec. 5, 2005. The third paragraph of that letter read:

> Please allow this to serve as our Objection to the Report and
> Recommendation of the Court dated November 28, 2005.
> Additionally, my apologies to the Court for the delay in submitting
> a status report.

However, the letter did not specifically state plaintiff's objections to Judge Pollak's findings of

facts or conclusions of law. Finding plaintiff's objections to be inadequate, this Court adopted

and affirmed Judge Pollak's report and recommendation, and dismissed the action for failure to

prosecute. *Beauvoir v. U.S. Secret Service*, No. 05-CV-2819 (SLT), slip op. (E.D.N.Y. Dec. 9,

2005).

On January 26, 2006, after two inappropriate telephone calls to chambers seeking legal

advice, plaintiff's counsel sent this Court a letter, which he requested that this Court construe as a

"formal application to reopen" the case. Letter of Manuel M. Salazar, Esq., to Hon. Sandra L.

Townes, dated Jan. 26, 2006, at 1. After representing that counsel lacked "much Federal Court

experience and practice" – a representation that is consistent with counsel's failure to cite the

applicable federal rules – plaintiff's counsel explained that he had intended his previous letter to

show that, contrary to Judge Pollak findings, "something had transpired in this case." *Id.*

Plaintiff's counsel provided a description of what actions had been taken in the case, alleging,

*inter alia*, that "service was effected" and that defendants had not answered the complaint.

In the interest of justice, this Court will construe plaintiff's counsel's January 26, 2006,

letter as a motion pursuant to Fed. R. Civ. P. 60(b)(1). Moreover, since plaintiff's counsel has

presented matters which this Court may have overlooked, this Court will grant plaintiff's motion

and hereby directs the Clerk of Court to reopen this case. *See Spira v. Ashwood Financial, Inc.*,

371 F.Supp.2d 232, 236 (E.D.N.Y. 2005) (quoting *Badian v. Brandaid Communications Corp.*,

No. 03 Civ. 2424 (DC), 2005 WL 1083807, at *2 (S.D.N.Y. May 9, 2005) ("Relief under

60(b)(1) is . . . appropriate where a court may have overlooked certain parties' arguments or evidence in the record.").

However, this Court is not persuaded that plaintiff properly served the defendants within 120 days after filing the complaint in this action, as required by Fed. R. Civ. P. 4(m). Indeed, language in plaintiff's proposed Default Judgment indicates that plaintiff merely "attempted" service on unspecified defendants, but that these defendants refused to accept service. Eventually, acting on the "requests" of defendants, plaintiff simply "mail[ed] a copy of the summons and complaint to 950H (sic) Street N2 (sic) #8300, Washington DC 20223." Proposed Default Judgment, at 3.

From this rudimentary description, it appears that plaintiff has not yet effected service upon defendants. Accordingly, plaintiff is directed to show cause, by affirmation filed within thirty (30) days of the date of this Order, why this action should not be dismissed for failure to serve defendants within 120 days after filing the complaint. If plaintiff fails to comply with this Order, this case will be dismissed pursuant to Fed. R. Civ. P. 4(m).

**SO ORDERED.**

/SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
February 10, 2006