UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
GARY BEAUVOIR,

                           Plaintiff,                      **MEMORANDUM and ORDER**

  -against-                                                        05-CV-2819 (SLT)

UNITED STATES SECRET SERVICE,
JAMES DOE (unknown Secret Service Agent),
and JACK DOE (unknown Secret Service Agent),

                           Defendants.
------------------------------------------------------------------x
**TOWNES, United States District Judge:**

       Plaintiff brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, to recover damages for injuries he allegedly sustained in a July 2004 automobile accident involving defendants. On February 10, 2006, this Court issued an Order directing plaintiff to show cause why this action should not be dismissed pursuant to Fed. R. Civ. P. 4(m) ("Rule 4(m)") for failure to serve defendants within 120 days after filing the complaint.

       In response to this Order, plaintiff's counsel has submitted an affidavit conceding that service was not effected within 120 days because neither the United States Attorney nor the Attorney General was ever served. Affidavit in Opposition to Dismissal of Action Pursuant to Fed. R. Civ. P. 4(m) ("Aff.") at ¶ 10. However, plaintiff's counsel argues (1) that there was "good cause" for the failure to serve, (2) that, even in the absence of "good cause," dismissal under Rule 4(m) is not mandatory, and (3) that this Court should exercise its discretion to extend the time for service. In support of the third argument, plaintiff's counsel argues that the applicable statute of limitations, 28 U.S.C. § 2401(b), would prevent plaintiff from refiling this action, and that defendants have actual notice of his lawsuit because he served a copy of the summons and complaint on the General Counsel to the Secret Service.

Plaintiff Has Not Shown "Good Cause"

Rule 4(m) provides that if a plaintiff shows "good cause" for the failure to serve the summons and complaint upon a defendant within 120 days after the filing of the complaint, the Court "shall extend the time for service for an appropriate period." However, "[a] party seeking a good cause extension bears a heavy burden of proof." *Alvarado v. American Freightways, Inc.*, No. 04 Civ. 9536 (JCF), 2005 WL 1467893, at *5 (S.D.N.Y. June 21, 2005) (citing *Geller v. Newell*, 602 F.Supp. 501, 502 (S.D.N.Y. 1984)). "Good cause is 'generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control.'" *Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 505 (S.D.N.Y. 1999) (quoting *Nat'l Union Fire Ins. Co. v. Sun*, No. 93 Civ. 7170 (LAP), 1994 WL 463009, at *3 (S.D.N.Y. Aug. 25, 1994)). Therefore, "[a]n attorney's inadvertence, neglect, mistake or misplaced reliance does not constitute good cause." *Id.* (quoting *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F.Supp. 654, 658 (S.D.N.Y. 1997), *aff'd*, 173 F.3d 844 (2d Cir. 1999)).

In arguing that there was "good cause" for the failure to serve defendants in this case, plaintiff's counsel alleges "misplaced reliance." Specifically, plaintiff's counsel claims that his office, having little experience with federal litigation, "detrimentally relied upon the office of Elite Process Servers to properly effectuate service." Aff. at ¶ 12. However, as plaintiff's counsel tacitly acknowledges, it is "trial counsel's responsibility to monitor the activity of the process server and to take reasonable steps to assure that a defendant is timely served." *McKibben v. Credit Lyonnais*, No. 98 Civ. 3358 (LAP), 1999 WL 604883, at *4 (S.D.N.Y. Aug. 10, 1999) (quoting *Cox v. Sandia Corp.*, 941 F.2d 1124, 1125 (10th Cir. 1991)). Accordingly, plaintiff has not established good cause for the failure to timely serve defendants.

Dismissal is not Mandatory

There appears to be a conflict of authority in this Circuit as to whether Rule 4(m) mandates dismissal without prejudice where a plaintiff has failed to serve a defendant within 120 days of filing the complaint and cannot show "good cause" for that failure. According to some district courts in this Circuit, "there is virtual unanimity that dismissal is mandatory if a defendant is not served within 120 days, unless the plaintiff can show good cause for delay." *Howard*, 977 F.Supp. at 658 (quoting *Nat'l Union Fire Ins*, 1994 WL 463009, at *2); *see also Virgona v. Tufekian Import-Export Ventures, Inc.*, No. 03 Civ. 10237 (KNF), 2005 WL 324364, at *1 (S.D.N.Y. Feb. 9, 2005) (quoting *McKibben*, 1999 WL 604883, at *2). However, several well-respected jurists in this Circuit have expressly held to the contrary. *See*, *e.g.*, *Carroll v. Certified Moving & Storage Co., LLC*, No. 04-CV-4446 (ARR), 2005 WL 1711184, at *2 (E.D.N.Y. July 19, 2005) ("dismissal is not mandatory in the absence of good cause"); *Alvarado*, 2005 WL 1467893, at *5 (contention that dismissal is mandatory in the absence of good cause is incorrect); *ATSI Communications, Inc. v, Shaar Fund, Ltd.*, 222 F.R.D. 79, 80 (S.D.N.Y. 2004) ("district courts in appropriate circumstances may grant relief under [Rule 4(m)] notwithstanding the lack of good cause").

The latter view is correct. Although proponents of the former position may be right in claiming that their view is held by a majority of district courts in this Circuit, their position is based on cases decided before the 1993 amendments to the Federal Rules of Civil Procedure. Prior to 1993, the 120-day rule was contained in Rule 4(j), which stated:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Faced with this unequivocal language, the Second Circuit repeatedly held that "[d]ismissal of an action is mandatory under Rule 4(j) when the 120 day limit is violated unless 'good cause' can be shown." *Zankel v. United States*, 921 F.2d 432, 436 (2d Cir. 1990) (quoting *Yosef v. Passamaquoddy Tribe*, 876 F.2d 283, 287 (2d Cir. 1989), *cert. denied*, 494 U.S. 1028 (1990)); *see also Mentor Ins. Co. (U.K.) Ltd. v. Brannkasse*, 996 F.2d 506, 512 (2d Cir. 1993); *Frasca v. United States*, 921 F.2d 450, 453 (2d Cir. 1990). After all, as the *Frasca* Court noted, "Rule 4(j) . . . expressly provide[d] an exception *only* on plaintiff's showing of good cause." *Id.*, 921 F.2d at 453 (emphasis added).

However, the Federal Rules of Civil Procedure were amended in 1993 by, *inter alia*, adopting a new Rule 4(m) and deleting the above-quoted language from Rule 4(j).[1] The Advisory Committee Notes to Rule 4(m) state:

> The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision *even if there is no good cause shown.*

28 U.S.C.App. 654 (emphasis added). Quoting these Advisory Committee Notes, the Supreme Court held that the 1993 amendments accorded district courts "discretion to enlarge the 120-day period 'even if there is no good cause shown.'" *Henderson v. United States*, 517 U.S. 654, 662 (1996). In light of *Henderson*, the view that dismissal under Rule 4(m) is mandatory unless a

---

[1]In contrast to former Rule 4(j), Rule 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

4

plaintiff can demonstrate "good cause" – even if it still remains the majority view in this Circuit – is no longer valid.

Extending the Time for Service

This Court, therefore, has discretion to extend the deadline for effecting service. The factors to be considered in deciding whether to grant this relief are : "(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision." *Carroll*, 2005 WL 1711184 , at *2 (quoting *Eastern Refractories*, 187 F.R.D. at 506).

With respect to the first factor, "[c]ourts have consistently considered the fact that the statute of limitations has run on a plaintiff's claim as a factor favoring the plaintiff in a Rule 4(m) analysis." *Id.*, 2005 WL 1711184 , at *2 (quoting *AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P.*, 197 F.R.D. 104, 109 (S.D.N.Y. 2000)). Indeed, this factor alone may be sufficient to justify extending the time for service. *See* Advisory Committee Notes to Rule 4(m) ("Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action . . . .").

In this case, plaintiff's counsel asserts that a refiled action would be time-barred under 28 U.S.C. § 2401(b). This section provides:

> A tort claim against the United States shall be forever barred
> unless it is presented in writing to the appropriate Federal agency
> within two years after such claim accrues or unless action is begun
> within six months after the date of mailing, by certified or
> registered mail, of notice of final denial of the claim by the agency
> to which it was presented.

5

"Although phrased in the disjunctive, this statute requires a claimant to file an administrative claim within two years [of accrual] *and* file suit within six months of its denial." *Ramming v. United States*, 281 F.3d 158, 162 (5th Cir. 2001) (brackets and emphasis in original; internal quotations omitted), *cert. denied*, 536 U.S. 960 (2002); *see Willis v. United States*, 719 F.2d 608, 612 (2d Cir. 1983).

Plaintiff's complaint alleges that the Secret Service has "issued a final denial." Complaint at ¶ 20. Although the complaint does not allege when this final denial was mailed, it clearly was received sometime before the complaint was signed on June 6, 2005. Therefore, a refiled action in this case would be untimely because more than six months have passed since the final denial was mailed. *See* 28 U.S.C. § 2401(b). Since the statute of limitations has run, the first factor favors granting plaintiff relief. *See Carroll*, 2005 WL 1711184, at *2.

The second factor also militates in favor of granting relief, since the record suggests that the only non-Doe defendant has already received actual notice of the claims asserted in the complaint. In his affidavit, plaintiff's counsel states that his office "served a copy of the Summons and Verified Complaint [by] regular mail and certified mail, return receipt requested" upon both defendant United States Secret Service and its General Counsel on July 28, 2005. Aff. at ¶ 6. Moreover, counsel states that neither mailing was returned to his office "as unclaimed or undeliverable." *Id.* at ¶ 7. Although plaintiff's counsel does not attach copies of the return receipts to his affidavit, this Court nonetheless concludes that the Secret Service has likely received actual notice of the claims asserted in the complaint.

The third factor is inapplicable because defendants have yet to be served in this case. However, the fourth factor also militates in favor of granting plaintiff relief. There is nothing to suggest that defendant will be prejudiced if plaintiff is granted an extension of time to file. Even

if this Court permits a generous extension of the time to serve defendant, defendants will still be served with the summons and complaint in this action less than two years after the accident. This Court does not perceive how permitting plaintiff to serve within the two-year statute of limitations could prejudice defendants, especially since plaintiff allegedly filed his Notice of Claim on September 3, 2004 – less than two months after the accident at issue – and the Secret Service has presumably already investigated the allegations contained in this Notice of Claim.

## CONCLUSION

Since all three factors militate in favor of granting plaintiff relief under Rule 4(m), this Court, in the exercise of its discretion, hereby extends the time for effecting service upon defendants and directs that service be made on or before April 14, 2006. Plaintiff is cautioned that if he fails to effect service on or before that date, his complaint will be dismissed without prejudice and that, for the reasons set forth in this Memorandum and Order, such dismissal will result in this action being time-barred.

**SO ORDERED.**

/s/
SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
March 10, 2006